Butland v. NH DOC             CV-02-230-M    10/30/02

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Susan Asselin Butland,
     Plaintiff

     v.                                    Civil No. 02-230-M
                                           Opinion No. 2002 DNH 184

New Hampshire Department of
Corrections,
     Defendant

## O R D E R

Susan Asselin Butland ("plaintiff") brings this Title VII action against her former employer, the New Hampshire Department of Corrections ("defendant" or "DOC"), seeking damages for alleged sexual discrimination that took the form of sexual harassment. See 42 U.S.C. § 2000e-5(f). This suit follows plaintiff's unsuccessful litigation of an identical claim before the New Hampshire Commission for Human Rights, the New Hampshire Superior Court, and, finally, the New Hampshire Supreme Court.

Defendant moves to dismiss the complaint, asserting, among other things, that because plaintiff's claim was fully litigated in the state court system, the doctrine of res judicata precludes her from relitigating that claim in this forum. Plaintiff

objects.  For the reasons given below, defendant's motion is granted.


**Standard of Review**

When ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002) (citation omitted). Dismissal is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).  The issue is not "what the plaintiff is required ultimately to prove in order to prevail on her claim, but rather what she is required to plead in order to be permitted to develop her case for eventual adjudication on the merits."  Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 472 (1st Cir. 2002) (emphasis in original).

## Factual Background

On December 5, 1997, plaintiff filed a charge of harassment with the New Hampshire Commission for Human Rights ("Commission"). See N.H. REV. STAT. ANN. ("RSA") § 354-A (1995) (amended 1997). In accordance with the Commission's work share agreement with the United States Equal Employment Opportunity Commission ("EEOC"), plaintiff's claim was also deemed to have been filed with the EEOC.

After investigating plaintiff's claim, the Commission found probable cause to believe that she had been discriminated against. On November 1, 1999, the Commission held a full evidentiary hearing and, on February 18, 2000, issued a unanimous judgment in favor of plaintiff, awarding her $200,284.72, plus reasonable attorney fees. Subsequently, on April 11, 2000, the EEOC sent plaintiff and defendant a "determination" letter, in which it acknowledged the Commission's February 18, 2000, finding, and stated that the Commission's resolution of the matter concluded EEOC's processing of the charge.

On March 30, 2000, defendant appealed the Commission's decision to the New Hampshire Superior Court. See RSA 354-A:22. The superior court conducted a non-evidentiary hearing and reviewed the record of the Commission's proceedings. The court concluded that defendant had taken prompt and appropriate remedial action once it had been informed of the alleged harassment against plaintiff. Accordingly, the court set aside the Commission's award, ruling, as a matter of law, that defendant was not liable to plaintiff for sexual harassment damages.

Plaintiff appealed the superior court's decision to the New Hampshire Supreme Court. After briefing and oral argument, the supreme court affirmed, N.H. Dep't of Corr. v. Butland, 147 N.H. 676, 680 (2002), noting that "[t]he promptness of the DOC's response is evident" given that the "DOC began its investigation on the same day as the defendant filed her written complaint," and two days later the investigation was complete and the harassing officer disciplined. On May 16, 2002, plaintiff filed a Motion for Rehearing. Four days later, while the motion for rehearing was still pending before the supreme court, plaintiff

4

filed a Title VII suit in this court.  One day later, on May 21, 2002, she obtained a "right to sue letter" from the EEOC.[1]  On June 5, 2002, the New Hampshire Supreme Court denied her motion for rehearing.

## Discussion

The United States Constitution provides that "[F]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  U.S. CONST. art. IV, § 1.  In 1948, Congress codified that constitutional provision in 28 U.S.C. § 1738, which provides that the "judicial proceedings . . . [of any state, territory or possession] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such

---

[1]     The record indicates that plaintiff brought this action one day prior to obtaining a right to sue letter from the EEOC. But, because defendant did not raise the issue in its motion to dismiss, the point is forfeited.  See, O'Rourke v. City of Providence, 235 F.3d 713, 725 n.3 (1st Cir. 2001) ("Although [plaintiff] filed her original court complaint before she filed her EEOC complaint, [she] did receive a right to sue letter and defendants have not argued the point; thus, the point is waived.") (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

5

State, Territory or Possession from which they are taken." Interpreting the scope and effect of that statute, the United States Supreme Court declared that "[s]ection 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982) (footnote omitted).

Consistently with the Full Faith and Credit Clause of the national Constitution, and the provisions of 28 U.S.C. § 1738, the doctrine of res judicata ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citation omitted). Under New Hampshire law, the elements of res judicata are as follows: "(1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered on the first action." Brzica v. Trs. of Dartmouth Coll., 147 N.H. 443, 454 (2002) (citation omitted). Because each element is met in this case, plaintiff is barred

6

from bringing her Title VII sexual harassment claim in this court.

First, plaintiff's state sexual harassment claim and her federal Title VII claim involve the same parties. Second, the elements of plaintiff's state sexual harassment claim under RSA 354-A (as well as the defenses available to her employer) are virtually identical to those associated with a Title VII claim. As the New Hampshire Supreme Court has recognized:

> Under RSA 354-A:7, V (1995) (amended 1997), an employer is liable for sexual harassment between fellow employees if it knew or should have known of the conduct and failed to take "prompt, appropriate remedial action." This standard is similar to that governing employer liability for co-worker sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1994) (Title VII). Accordingly, because this is an issue of first impression under State law, we rely upon cases developed under Title VII to aid in our analysis.

Butland, 147 N.H. at 679-80 (citations omitted); see also Boateng v. Interamerican Univ., Inc., 210 F.3d 56, 62 (1st Cir. 2000) (holding that under Puerto Rico law, res judicata bars plaintiff from bringing a Title VII action that "derives from the same nucleus of operative facts" as a prior and fully adjudicated

7

state civil rights action).  Finally, as noted above, plaintiff's sexual harassment claim against the DOC was fully and finally litigated in the state court system.

Ordinarily, this would be a rather uneventful and straightforward dismissal on res judicata grounds.  But, plaintiff presents an imaginative argument-based upon some loose legislative draftsmanship-that could lead to unintended consequences.  Plaintiff says that the res judicata doctrine does not preclude her federal suit because, technically, her state law claim was <u>not</u> fully and finally resolved on the merits before she filed in federal court.  Indeed, she says, the Human Rights Commission's order was vacated, and the appellate proceedings were dismissed (presumably without prejudice), by operation of law, <u>before</u> she filed here.  Therefore, she argues, there is no extant state decision resolving her claim.

Plaintiff points to the plain language of RSA 354-A which provides, rather sweepingly:

> [i]f the complainant brings an action in federal
> court arising out of the same claims of discrimination
> which formed the basis of an order or decision of the

8

commission, such order or <u>decision shall be vacated and any appeal therefrom pending in any state court shall be dismissed</u>.

RSA 354-A:22, V (emphasis added). Plaintiff notes that when she filed her Title VII suit in this court, the New Hampshire Supreme Court's opinion, affirming the superior court's ruling in favor of defendant, was still subject to her motion for rehearing and, therefore, was still "pending." See N.H. SUP. CT. R. 22. Accordingly, given the provisions of RSA 354-A:22, V, she asserts that the commencement of her Title VII suit in this court effectively triggered an automatic vacatur of the Human Rights Commission's order and dismissal of the appeal pending before the New Hampshire Supreme Court. Therefore, she argues, by operation of RSA 354-A:22, V, the legal landscape was restored to what it was before she filed her complaint with the Human Rights Commission and there was, and is, no final state court or administrative order that can be given preclusive effect in this court.

Although the point is clever, and exposes what may be an unintended consequence of the statute as drafted that might, literally, provide a litigant the opportunity to pursue a dress-

9

rehearsal claim before the Commission and, if that proceeding or a subsequent appeal to the courts fares poorly, to promptly file suit in the federal system to vacate the state's proceedings and gain a fresh start.

In this particular case, however, plaintiff is bound by the state court's judgment. First, nothing in the language of RSA 354-A:22, V, suggests that its provisions are self-executing. To the contrary, the plain language anticipates some action by a court before the administrative decision is vacated or a pending appeal is dismissed, i.e., "such order or decision shall be vacated" and "any appeal . . . pending . . . shall be dismissed." RSA 354-A:22, V, (emphasis added). Plaintiff did not invoke the provisions of RSA 354-A:22, V, in state court. That is, she did not move the New Hampshire Supreme Court to dismiss her then-pending appeal based upon her having filed suit in federal court. And, the supreme court's judgment became final when plaintiff's motion for rehearing was denied. Because the Human Rights Commission's order was never vacated, and her appeal to the state supreme court was never dismissed or otherwise terminated before final judgment entered on the merits, plaintiff's identical

10

federal claim is barred under the doctrine of res judicata. How New Hampshire's courts might construe RSA 354-A:22, V, under different circumstance – e.g., where a litigant files a late federal suit and actually moves to vacate and dismiss unfavorable but pending state proceedings, remains to be seen. But, here, final judgment was entered before any vacatur or dismissal.

## Conclusion

The doctrine of res judicata precludes plaintiff from relitigating her sexual harassment claim in this court since it has been fully and finally resolved by the New Hampshire Supreme Court. Defendant's motion to dismiss (document no. 3) is granted. The Clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 30, 2002

cc:  James F. Lafrance, Esq.
     Nancy J. Smith, Esq.

11