Gladysz v. Desmarais et al.          CV-02-208-B    03/17/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Kenneth Gladysz, Individually
and as Parent and Next Friend
of Ashley Gladysz and Kenneth
Gladysz, Jr.</u>

    v.                                    Civil No. 02-208-B
                                              Opinion No. 2003 DNH 044
<u>Phillip Desmarais, Individually
and as Trustee of Guumeez-Hill
Trust and Guumeez-Hill Trust, et al.</u>


<u>MEMORANDUM AND ORDER</u>

Kenneth Gladysz, ("Gladysz"), individually and as parent and

next friend of Ashley Gladysz ("Ashley") and Kenneth Gladysz, Jr.

("Kenneth Jr."), brings this civil action against multiple

persons and entities with varying interests in Apartment 1 at 251

Pearl Street in Manchester, New Hampshire (collectively known as

"defendants").  Along with multiple state law claims, Gladysz

alleges the defendants violated the Residential Lead-Based Paint

Hazard Reduction Act of 1992 ("RLPHRA"), 42 U.S.C. § 4851, <u>et</u>

<u>seq.</u> (1995 & Supp. 2002).  Gladysz argues that the defendants did

not comply with RLPHRA's lead disclosure requirements.

The defendants move to dismiss Gladysz's RLPHRA claim.[1] (Doc. No. 40). The defendants argue that Gladysz fails to state a claim upon which relief can be granted under RLPHRA because the civil liability provision in RLPHRA limits recovery to "purchasers or lessees." 42 U.S.C. § 4852d(b)(3). Gladysz argues that I should construe the civil liability provision to permit Gladysz to recover individually and on behalf of Ashley and Kenneth, Jr. (Doc. No. 42). For the reasons set forth below, I grant the defendants motion to dismiss and decline to exercise supplemental jurisdiction over Gladsyz's remaining state law claims. 28 U.S.C. § 1367(c)(3).

## I.  BACKGROUND

In October of 1991, Madelyn Gladysz, the mother of Kenneth Gladysz, Sr., entered in a lease with Ronald Dupont for the occupancy of Apartment 1 at 251 Pearl Street in Manchester, New

---

[1]  The defendants also move to dismiss Gladysz's claim based on the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. ch. 358-A (1995 & Supp. 2002). I address only Gladysz's RLPHRA claim.

Hampshire.  Madelyn Gladysz lived in the three-bedroom apartment with her three sons:  Kenneth Sr., Robert and Stephen.  In 1994, Guumeez-Hill Trust purchased the building in which Apartment 1 is located and continues to own the property.  Also during this time period, Red Oak Property Management ("Red Oak") began to manage the apartment building.

In 1995, Angela Beuchesne, Kenneth Gladysz's girlfriend, moved into the apartment with the Gladysz family.  Angela Beuchesne and Gladysz married in 1997, and their daughter, Ashley, was born later that year.  In July 1998, Kenneth Glasysz, Jr. was born.  At all relevant times, Kenneth Gladysz, Angela, and Ashley and Kenneth, Jr. resided in Apartment 1 leased by Madelyn Gladysz.

In October 1998, Red Oak sent Madelyn Gladysz a lease renewal agreement.  On October 18, 1998, Madelyn Gladysz signed the renewal agreement.  On multiple occasions during this time, Kenneth Sr. went to Red Oak to pay the rent for Apartment 1.  In addition, Red Oak employees were aware that children lived "in the premises."

In April 1999, Ashley and Kenneth underwent blood tests. The results indicated that both Ashley and Kenneth had elevated

-3-

levels of lead in their blood.  Later that month, the New
Hampshire Office of Community and Public Health Childhood Lead
Poisoning Program issued an Order of Lead Poisoning Reduction for
Apartment 1.

## II.  <u>STANDARD OF REVIEW</u>

When I consider a motion to dismiss for failure to state a
claim, I must accept the plaintiff's well-plead factual
allegations as true, "draw all reasonable inferences [from the
complaint] in the plaintiff's favor and determine whether the
complaint, so read, sets forth facts sufficient to justify
recovery on any cognizable theory."  <u>Martin v. Applied Cellular
Tech., Inc.</u>, 284 F.3d 1, 6 (1st Cir. 2002).  Dismissal is
appropriate only if "it clearly appears, according to the facts
alleged, that the plaintiff cannot recover on any viable theory."
<u>Langadinos v. American Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir.
2000) (quotation omitted).  Despite the liberal pleading
requirements established by the federal rules, I need not accept
subjective characterizations, bald assertions, or unsubstantiated
conclusions.  <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d

49, 52-53 (1st Cir. 1990); <u>Dewey v. Univ. of N.H.</u>, 694 F.2d 1, 3 (1st Cir. 1982).


### III. <u>ANALYSIS</u>

#### A. <u>Statutory and Regulatory Background</u>

Section 4852d of the RLPHRA is entitled "*disclosure of information concerning lead upon transfer of residential property.*" The section directs the Secretary of the Department of Housing and Urban Development ("HUD") and the Administrator of the Environmental Protection Agency ("EPA") to promulgate regulations for the disclosure of lead-based paint hazards in target housing which is offered for sale or lease. 42 U.S.C. § 4852d(a)(1). In addition, the section states that "the regulations shall require that, before the purchaser or lessee is obligated under any contract to purchase or lease the housing, the seller or lessor shall (A) provide the purchaser or lessee with a lead hazard information pamphlet . . .; (B) disclose to the purchaser or lessee the presence of any known . . . lead-based hazards, in such housing . . .; and (C) permit the purchaser a 10-day period . . . to conduct a risk assessment or

inspection for the presence of lead-based paint hazards.  Id.
The section requires every contract for the purchase and sale of
any interest in target housing must contain a warning statement
and further provides the exact content of the statement.  42
U.S.C. §§ 4852d(a)(2),(3).  Section 4852d also provides penalties
for violations of § 4852d, including civil liability.
Specifically, § 4852(b)(3) provides "any person who knowingly
violates the provisions of this section shall be jointly and
severally liable to the *purchaser* or *lessee* in an amount equal to
3 times the amount of damages incurred by such individual."
(emphasis added).   The HUD and EPA regulations implementing the
provisions in
§ 4852d, define lessee to mean "any entity that enters into an
agreement to lease, rent or sublease target housing, including
but not limited to individuals, partnerships, corporations,
trusts, government agencies, housing agencies, Indian tribes and
nonprofit organizations."  40 C.F.R. § 745.103 (2002); 24 C.F.R.
§ 35.86 (2002).

**B.   Gladysz's Claim**

Gladysz brings his RLPHRA claim under § 4852d(b)(3).  The
defendants move to dismiss Gladysz's RLPHRA claim arguing that

-6-

neither Gladysz nor Ashley or Kenneth Jr are "purchaser[s] or lessee[s]" and therefore they are not eligible for relief under § 4852d(b)(3). Gladysz argues that he does in fact state a claim for relief under § 4852d despite the "purchaser or lessee" limitation in the civil liability provision. 42 U.S.C. § 4852d(b)(3). Gladysz does not argue that he (or Ashley or Kenneth, Jr.) should somehow be construed as a "lessee," instead, he argues that I should not interpret § 4852d(b)(3) "narrowly" and should instead consider the overarching purposes of the statute in construing it's provisions. He argues that since one of the major purposes of RLPHRA is to protect children from the hazards of lead-based paint, I should allow his RLPHRA claim.

Gladysz's argument shows a disregard for the principles of statutory interpretation. If the meaning of a statute is clear, I must enforce that meaning. Bryson v. Shumway, 308 F.3d 79, 84 (1st Cir. 2002) (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)). Where the language of a statute is unambiguous, I need not look to outside sources in interpreting it's terms. See Chevron, 467 U.S. at 842-43. Here, § 4852d(b)(3) clearly limits recovery to a "purchaser or lessee." Furthermore, the purpose § 4852d is to ensure the "disclosure of

-7-

information concerning lead upon transfer of residential property."  42 U.S.C. § 4852d.  The civil liability provision in RLPHRA is within the "disclosure" section and as such, it is both logical and reasonable to read the civil liability to cover only purchasers or lessees who were deprived of the required notice of lead hazards "upon the transfer of residential property."  Id.

The administrative interpretation of § 4852d only confirms the correctness of limiting recovery to purchasers or lessees. The EPA and HUD have defined "lessee" narrowly to mean "any entity that enters into an agreement to lease . . . ."  See 24 C.F.R. § 35.86; 40 C.F.R. § 745.103.  I am required "to respect statutory interpretation of the federal administrative agenc[ies] given that interpretative task, unless the interpretation is unreasonable."  Bryson, 308 F.3d at 87.  The EPA's and HUD's interpretation is reasonable given the fact that the purpose of § 4852d is to ensure lessees are given notice of any lead hazard prior to being bound by a lease.  As such, the plain meaning and administrative interpretation of § 4852d(b)(3) governs and I reject Gladysz's argument that I look outside these sources in construing the RLPHRA civil liability provision.

Because neither Gladysz, nor Ashley or Kenneth, Jr. are lessees of Apartment 1 at 251 Pearl Street, I grant the defendants motion to dismiss as to Gladysz's RLPHRA claim.

## IV.  CONCLUSION

I grant the defendants' motion to dismiss as to the RLPHRA claim asserted against them.  (Doc. No. 40).  I also deny Gladysz's motion for summary judgment as moot.  (Doc. No. 43).

The only claims that remain pending in this case are claims based on state law.  I decline to exercise supplemental jurisdiction over plaintiff's state law claims.  Instead, I dismiss Gladysz's state law claims without prejudice to his right to pursue them in state court.  The Clerk of Court shall enter judgment accordingly.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 17, 2003

cc:  Thomas Craig, Esq.
     Gary M. Burt, Esq.
     R. Matthew Cairns, Esq.
     Donald J. Perrault, Esq.

-9-