Hill of Portsmouth Condo v. Parade    CV-04-403-SM  12/23/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


The Hill of Portsmouth
Condominium Association,
     Plaintiff

     v.                                    Civil No. 04-403-SM
                                           Opinion No. 2004 DNH 185
Parade Office, LLC,
     Defendant


**O R D E R**


The Hill of Portsmouth Condominium Association (the

"Association") brings this petition for declaratory judgment,

seeking a judicial declaration that its members, as owners of the

condominium property, hold a parking easement on adjacent

property owned by defendant, Parade Office, LLC.  See generally

28 U.S.C. § 2201.  Parade Office moves the court to abstain from

exercising jurisdiction over the petition and says the petition

should be dismissed.  It asserts that the issue raised in this

proceeding is also pending before the New Hampshire Supreme Court

in a parallel action.  Consequently, says Parade Office,

principles of comity and judicial economy counsel in favor of

dismissing the Association's federal petition.  The Association

objects.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). Dismissal is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). See also Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 472 (1st Cir. 2002).

Here, in support of its motion to dismiss, Parade Office relies upon various pleadings submitted in related state-court litigation, as well as a decision issued by the Rockingham County Superior Court. Typically, a court must decide a motion to dismiss exclusively upon the allegations set forth in the complaint (and any documents attached to that complaint) or convert the motion into one for summary judgment. See Fed. R.

2

Civ. P. 12(b). There is, however, an exception to that general rule:

> [C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted). See also Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Since the Association does not dispute the authenticity of the documents upon which Parade Office relies, the court may properly consider those documents without converting Parade Office's motion into one for summary judgment.

## Background

Crediting the allegations set forth in the complaint as true, and in light of the documents submitted by Parade Office, the material facts appear as follows. The Association and Parade Office own adjacent parcels of land in Portsmouth, New Hampshire. Prior to the events giving rise to this litigation, Barnett Mortgage Trust owned those two properties as a single parcel. In

1997, Barnett subdivided the property and submitted what is now the Hill of Portsmouth Condominium to the provisions of New Hampshire's Condominium Act, N.H. Rev. Stat. Ann. ch. 356-B, by recording in the registry of deeds a declaration of condominium. Barnett also created a parking easement on the adjacent parcel for the benefit of the condominium property. The "Declaration of Easement" recorded in the registry of deeds describes the condominium property as the dominant tenement and the adjacent property as the servient tenement. Subsequently, Parade Office purchased the adjacent parcel, now known as the Parade Mall property. Accordingly, Parade Office took title to that parcel of land, subject to the condominium property's parking easement.

In 2000, Makrie LLC acquired the condominium property by warranty deed, which specifically identified and included the parking easement. The deed to Makrie also provided that the property was subject to the previously recorded declaration of condominium (each of Makrie's predecessors in title also took the property with the benefit of the easement, and subject to the declaration of condominium).

4

By early 2001, no units had been constructed (or sold) on the condominium property. At that time, Makrie, as the sole title holder to the property, amended the condominium declaration by recording a "Restated and Amended Condominium Declaration." That amended declaration does not, however, reference the parking easement. Makrie also amended the condominium documents to include, as a common expense to be borne by all unit owners, "parking lease payments." Finally, Makrie recorded a revised site plan which included a revision note that stated: "remove parking easement & note parking encroachment per attorney request." Thus, it appears that Makrie believed it could retain independent "title" to the parking easement by simply amending the declaration of condominium and severing the easement from the dominant estate. And, it appears that the Association did not question Makrie's right to charge its members a fee for parking on the land owned by Parade Office, which is (or was) subject to the easement.

Eventually, Parade Office filed a petition for declaratory judgment in state court, asserting that the parking easement was extinguished when Makrie purposefully excluded it from the

restated and amended declaration of condominium. Parade Office sought a judicial declaration that Makrie had no legal or equitable interest in its property. Neither the Association nor any of its members were party to that proceeding.

The state trial court agreed with Parade Office:

> When [Makrie] resubmitted the property to condominium, . . . it purposely excluded the parking easement from the Hill property. . . . Thus, [Makrie] severed the easement from the dominant tenement and attempted to retain the easement for itself.
>
> However, an easement appurtenant cannot exist separate from the dominant tenement. [Makrie] no longer owns the Hill property, having sold all of the condominium units. Therefore, the court finds respondent extinguished the parking easement when it excluded it from the Amended Condominium Declaration and subsequently sold all of the condominium units.

Parade Offices, LLC v. Makrie, LLC, 03-E-0449, slip op. at 2-3 (N.H. Super. Ct. Feb. 23, 2004). Makrie appealed the Superior Court's decision to the New Hampshire Supreme Court. That appeal is pending.

In connection with that appeal, the Association sought (and was granted) permission to file an amicus brief. In its brief,

6

the Association asserts that it "does not seek a resolution of its members' claim to the parking easement." Instead, says the Association, the purpose of its brief "is to protect against any such resolution by demonstrating that certain 'extinguishment' language in the Superior Court's decision was unnecessary dicta and, further, that the Superior Court could not properly have resolved the claimed interest of non-parties (the Association's members)." In other words, the Association claims the state trial court went too far in concluding that Makrie extinguished the parking easement (thereby prejudicing any claim by the Association to the benefits of that easement); instead, says the Association, the trial court should have ruled that, with respect to Parade Office, Makrie had no enforceable interest in that portion of Parade Office's property which was subject to the easement.

The Association asserts that the issue presented in this case is quite distinct from that presented in the state case. The Association says in this case the court must determine the relative rights of the Association and Parade Office in the disputed parcel of land. In the state court proceeding, however,

the Association says its rights under the parking easement are not at issue; instead, that dispute is solely between Parade Office and Makrie.

It probably bears noting, however, that if the New Hampshire Supreme Court concludes that Makrie extinguished the parking easement prior to (or as part of) creating the Hill Condominium, then the Association, as Makrie's successor-in-title, necessarily did not acquire the benefits of that easement. In short, the Association could take only that interest which Makrie had to convey. In all likelihood, the state supreme court will resolve that very question.

## Discussion

The Declaratory Judgment Act provides, in relevant part, that:

> In a case of actual controversy within its
> jurisdiction, . . . any court of the United States,
> upon the filing of an appropriate pleading, <u>may</u> declare
> the rights and other legal relations of any interested
> party seeking such declaration . . ..

28 U.S.C. § 2201(a) (emphasis supplied). The unambiguous text of that statute makes plain that a federal court's exercise of jurisdiction over a petition for declaratory judgment is permissive, rather than mandatory.

> We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.
>
> * * *
>
> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995) (citation, footnote, and internal punctuation omitted). See also Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942).

The litigation between Makrie and Parade Office pending before the state supreme court faces three possible outcomes:

9

1. First, the court may hold that Makrie purposely severed the easement from the dominant estate, thereby causing the easement to lapse or extinguish;

2. Alternatively, the court may hold that Makrie has no interest in the easement because its efforts to sever it from the dominant estate were ineffective and, therefore, the easement passed with title to the dominant estate (i.e., to the Association).

3. Finally, the court might agree with Makrie's position, holding that it _does_ retain an exclusive interest in the easement - an interest that did not pass with title to the dominant estate.

Only if the court adopts the second view will the Association have a viable claim that: (a) the easement survived Makrie's recordation of the amended declaration of condominium; and (b) the easement passed along with the dominant estate when the Association acquired title to the condominium property. If the court resolves the case in a manner consistent with either the first or third possibility outlined above, the Association will not, as a matter of law, have any basis upon which to assert that it holds a parking easement on the property owned by Parade Office.

Given the pendency of the state court action, prudence counsels a stay of all proceedings in this case, until the state court matter has been resolved.  See, e.g., Brillhart, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").  While the Association is not a party to the ongoing state litigation, it is in privity with Makrie, the entity from which it took title to the subject property.  Accordingly, it is entirely possible (if not likely) that the state supreme court's resolution of the case presently before it will fully and finally determine the rights of all parties interested in the easement, including the Association.

## Conclusion

In the exercise of its discretion, the court concludes that principles of comity, as well as the wise and efficient use of judicial resources, counsel in favor of staying this declaratory

11

judgment action pending final resolution of the matter currently before the New Hampshire Supreme Court. The legal issues in both this case and the pending state case involve potentially dispositive questions of state property law - questions which the state supreme court is uniquely suited to resolve. Additionally, if this court were to accept Parade Office's invitation to immediately resolve the relative rights of the parties involved, this court and the state supreme court might reach conflicting conclusions - a decidedly undesirable outcome. Parade Office has not identified any way in which it might be prejudiced by a modest delay pending the outcome of the ongoing state litigation, and the court does not foresee any prejudice.

Defendant's motion to dismiss (document no. 5) is denied, without prejudice. This suit is, however, stayed pending the state supreme court's resolution of the related litigation currently before it.

The Clerk of Court shall administratively close the case, pending notification from the Association that it wishes to reopen the matter. That notification shall include a

12

certification that: (1) the New Hampshire Supreme Court has issued its opinion in the related state court proceeding; and (2) the state court's opinion does not resolve the current dispute between the Association and Parade Office _and_ leaves open the possibility for the Association to claim, in good faith, that it holds an enforceable interest in a parking easement on the adjacent property owned by Parade Office. At that point, the court shall reopen this matter and, if appropriate, issue a scheduling order or schedule a pre-trial conference with the parties.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 23, 2004

cc:  Timothy A. Gudas, Esq.
     Paul McEachern, Esq.

13