Shawn MONIZ, individually and on behalf of others similarly situated, Plaintiff,

v.

BAYER CORP., Chemtura Corp. f/k/a/ Crompton Corp. and Uniroyal Chemical Co., Inc., Defendants.

Civil Action No. 06–10259–NMG.

United States District Court, D. Massachusetts.

March 27, 2007.

Benjamin G. Bradshaw, O'Melveny & Meyers LLP, Washington, DC, Lee M. Holland, John W. Steinmetz, Robinson & Cole LLP, John D. Hanify, Jeffrey J. Up-

ton, Hanify & King, Boston, MA, for Defendants.

Kenneth G. Gilman, Gilman and Pastor, LLP, Boston, MA, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

The defendants in a putative class action have filed a motion to dismiss which is opposed. The motion is resolved as follows.

## I. *Factual Background*

On February 10, 2005, plaintiff Shawn Moniz ("Moniz"), individually and on behalf of himself and others similarly situated, filed a class action in Middlesex Superior Court against defendants Bayer A.G. and Bayer Corporation ("Bayer"), Chemtura Corporation, f/k/a Crompton Corporation ("Chemtura") and Uniroyal Chemical Company, Inc. ("Uniroyal") (collectively, "the defendants").[1]

On February 1, 2006, Plaintiff filed an assented-to motion for leave to file a Second Amended Class Action Complaint ("Second Amended Complaint") in the state court. That motion was allowed on February 6, 2006, and the Second Amended Complaint was filed on the same day. That complaint alleges one count of violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

On February 10, 2006, the defendants removed the case to this Court under the recently-enacted Class Action Fairness Act, Pub.L. No. 109-2, 119 Stat. 4 (2005)("CAFA"). Defendants argued, and this Court agreed, that they have satisfied the statutory requirements for removal and that this Court has subject-matter jurisdiction over the case.

The class action filed by Moniz arises from the defendants' alleged conspiracy from approximately 1994 through 2004 to fix the price of certain rubber and urethane products. Plaintiff and the other members of the putative class are indirect purchasers of those products. Both Chemtura and Bayer have already pled guilty and paid criminal fines following prosecution by the United States Department of Justice ("DOJ"). Moniz seeks equitable relief for injuries that were allegedly caused by the defendants and suffered by the putative class which purportedly consists of tens of thousands of persons.

On March 6, 2006, the plaintiff filed a motion to remand the case to the Massachusetts Superior Court Department, Middlesex County, which was denied pursuant to a Memorandum and Order of this Court entered on August 14, 2006. In the meantime, on April 18, 2006, the defendants filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## II. *Legal Analysis*

### A. **Legal Standard**

■ A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell*, 160 F.3d 67, 72 (1st Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd*,

---

1. The original complaint named six defendants. By the time of the Second Amended Complaint, filed on February 6, 2006, only the above-named defendants remained.

248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet*, 83 F.Supp.2d at 208.

## B. Defendants' Motion to Dismiss

The defendant moves to dismiss on three grounds: 1) that the plaintiff lacks the requisite business relationship with the defendants for purposes of Chapter 93A, 2) that the plaintiff lacks standing and 3) that the plaintiff has failed to plead fraudulent concealment with particularity.

### 1. Business Relationship Under Chapter 93A

■ The defendants contend that the plaintiff lacks the requisite business relationship with the alleged price-fixers for purposes of Chapter 93A. According to the defendants, they do not manufacture or sell consumer goods but rather produce rubber and urethane products that are used by other industries in the production of consumer products. Because the plaintiff does not buy from them directly, the defendants contend that he has no business relationship with them and, therefore, no cause of action under Chapter 93A. Massachusetts law, however, is inconsistent with the defendants' stated position.

The Massachusetts Supreme Judicial Court ("the SJC") has addressed the issue of whether indirect purchasers may bring suit against up-stream price-fixers under Chapter 93A in *Ciardi v. F. Hoffmann–La Roche, Ltd.*, 436 Mass. 53, 762 N.E.2d 303 (2002). In *Ciardi*, the SJC held that the plaintiff, a purchaser of consumer vitamins, could bring an indirect purchaser antitrust action under Chapter 93A against the defendants, who were manufacturers of vitamin products accused of price-fixing. The Court held that price-fixing constitutes an unfair method of competition for purposes of Chapter 93A and that the legislature did not intend to limit lawsuits for price-fixing to direct purchasers. 762 N.E.2d at 309. Even where the plaintiff did not have standing to sue under federal antitrust or consumer statutes, the SJC held that a remedy for indirect purchasers exists under Chapter 93A. *Id.* at 311.

The defendants go to great lengths to distinguish the facts of this case from those in *Ciardi*. They point to the fact that in *Ciardi*, the plaintiff alleged in her complaint that she had purchased vitamin products manufactured, produced, distributed and sold by the defendants whereas the defendants in this case manufacture rubber and urethane products that are sold to other industrial manufacturers and incorporated into the production process of consumer goods. As far as Chapter 93A is concerned, however, that is a distinction without a difference because the effect is exactly the same: price-fixing by an up-stream manufacturer results in an unfairly inflated price for the consumer product to the plaintiff's detriment. *Ciardi*, 762 N.E.2d at 313. Because the plaintiff has a "relatively light burden" at the motion to dismiss stage, the SJC held that the plaintiff in *Ciardi* had stated a valid claim despite the fact that she was a consumer of a wide range of products, many of which contained vitamin products as only a minor component. *Id.*

Although the defendants in this case are arguably farther removed from the consumer than the defendants in *Ciardi* because they do not actually produce a product that is itself sold to consumers, additional support for the plaintiff's position comes from a recent unpublished Massachusetts Superior Court case, *Grimaldi v. Akzo Nobel Chemicals Interna-*

*tional B.V.,* C.A. No. 04–1052 (December 28, 2005). In *Grimaldi,* the defendants were also manufacturers of rubber chemicals used by industrial manufacturers in the production of consumer goods. Holding that, under *Ciardi,* Chapter 93A protects consumers even in such indirect transactions, the trial court denied the defendants' motion to dismiss. The facts of *Grimaldi* are nearly identical to those of the instant case. The Court agrees with the reasoning of the Superior Court and will, therefore, deny the defendants' motion to dismiss the Chapter 93A claim and allow the plaintiff to proceed.

### 2. Standing

The defendants also contend that the plaintiffs lack standing under the five-part test set forth by the United States Supreme Court in *Associated General Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)(hereinafter *"AGC"*). That case, however, formulated a test for determining standing with respect to federal antitrust laws. The defendants' reliance on *AGC,* as well as three unpublished opinions from other jurisdictions citing that case in the context of antitrust actions, is, therefore, inapposite. Because Massachusetts courts have recognized the standing of indirect purchasers to sue manufacturers in similar cases arising under Chapter 93A, as discussed above, the plaintiffs have standing here. *See Ciardi,* 436 Mass. 53, 762 N.E.2d 303; *Grimaldi, supra.*

### 3. Failure to Allege Fraud with Particularity

■ Although the only count alleged in the complaint is a violation of Chapter 93A, the limitations period for which expired prior to the commencement of this action, the Second Amended Complaint is deemed to be timely filed because the defendants fraudulently concealed their un-lawful conduct. Because of that concealment, the limitations period was tolled until the plaintiff could reasonably have become aware of such conduct. The defendants argue that the complaint fails to plead such fraud with particularity as required by Fed.R.Civ.P. 9(b) and should, therefore, be dismissed.

■ The purpose of the particularity requirement in Fed.R.Civ.P. 9(b) is to ensure that the defendants are adequately informed of the nature of the allegations against them so they can prepare a defense to the action. The complaint sets forth sufficient allegations that the defendants engaged in a series of meetings and other collaborations with the intent of fixing prices within their industries. Moreover, two of the defendants (Chemtura and Bayer) have pled guilty to criminal price-fixing charges. Presumably, they understand the charges to which they have pled guilty and which form the nucleus of the unlawful conduct alleged in this complaint. The defendants cannot, therefore, claim that they lack notice of the alleged fraudulent conduct.

### ORDER

For the foregoing reasons, the defendants' joint motion to dismiss (Docket No. 11) is **DENIED.**

**So ordered.**