**Gregory LANGADINOS, Plaintiff, Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant, Appellee.**

No. 99–1120.

United States Court of Appeals, First Circuit.

Heard Sept. 14, 1999.

Decided Jan. 06, 2000.

LIPEZ, Circuit Judge.

Gregory Langadinos appeals from the district court's order dismissing his amended complaint against American Airlines, Inc. ("American"). The amended complaint alleges that American violated the Warsaw Convention[1] by continuing to serve alcohol to an intoxicated passenger who then assaulted Langadinos. American filed a motion to dismiss for failure to state a cause of action, arguing, *inter alia,* that the Warsaw Convention count was based on unsubstantiated, conclusory allegations. The district court granted the motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6). We vacate and remand.

## I.

"In the Rule 12(b)(6) milieu, an appellate court operates under the same constraints that bind the district court, that is, we may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990); *see also Conley v. Gibson,* 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In making this determination, we must accept the well-pled facts of Langadinos's amended complaint as true and indulge every reasonable inference in his favor. *See Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). We state the facts, therefore, as Langadinos alleges them.

On June 13, 1996, Langadinos boarded an American Airlines flight in Boston, bound for Paris. A few hours after take-off, Langadinos approached a flight attendant for aspirin. The flight attendant ignored Langadinos, and continued with her current chore: spoon-feeding ice cream into the mouth of passenger Christopher Debord. As Langadinos waited,

Anthony R. Bott for appellant.

Tory A Weigand, with whom Gary W. Harvey and Morrison, Mahoney & Miller were on brief for appellee.

Before LIPEZ, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C. § 40105 [hereinafter Warsaw Convention or the Convention].

Debord "stared in a conspicuous and strange fashion" at him and whispered something into the flight attendant's ear.

Later in the flight, Langadinos went to the lavatory. While he waited in line, Debord forcefully grabbed Langadinos's testicles, causing "excruciating pain." Then, Debord grabbed Langadinos's hand and pulled it to his own groin. Although Langadinos reported the assault to the flight crew, he was unsatisfied with their response. The flight attendant who had fed Debord ice cream commented, "Chris is my friend; he is harmless." Despite the promise of a second crew member to have Debord arrested upon arrival in Paris, the alleged assailant was not detained.

Langadinos filed a two-count complaint against American in the district court for the District of Massachusetts, alleging a common law tort and a breach of the Warsaw Convention. Before American responded, Langadinos filed an amended complaint, identical to the original in every respect but one: it included the additional allegation, made on information and belief, that American served alcohol to Debord just prior to the assault, knowing that he was intoxicated and that his behavior was "erratic" and "aggressive."

■ Rather than answer the amended complaint, American filed a motion to dismiss for "failure of the pleading to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The district court dismissed the complaint in a margin order, "based on the arguments in defendant's motion and memorandum." On appeal, Langadinos argues that the district court erred in dismissing count two of the amended complaint, which alleges a violation of the Warsaw Convention.[2] We agree.

**2.** Langadinos did not appeal the dismissal of count one of the complaint, which alleges a common law tort. "[R]ecovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking

## II.

### A. Requisites of a Warsaw Convention Claim

Article 17 of the Warsaw Convention sets forth the circumstances under which an international air carrier may be liable for injuries to passengers. It provides:

The carrier shall be liable for damage sustained in the event of death or wounding of a passenger or any other bodily injury suffered by a passenger, if the *accident* which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

(emphasis added). Although the Warsaw Convention does not define the term "accident," the Supreme Court shed light on its meaning in *Air France v. Saks*, 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). The Court ruled that an injury to the plaintiff's ear caused by the normal operation of the cabin pressurization system was not an "accident" within the meaning of the Warsaw Convention. *See id.* The Court held that "liability under Article 17 of the Warsaw Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." *Id.* at 405, 105 S.Ct. 1338. When the aircraft operates in a "usual, normal, and expected" manner, a passenger is unable to recover. *Id.* at 406, 105 S.Ct. 1338.

The Supreme Court's definition of "accident" is broad enough to permit recovery for torts committed by fellow passengers. Indeed, the *Saks* Court cited lower court decisions recognizing passenger-on-passenger torts as "accidents" for the proposition that the accident requirement must be "flexibly applied." *Id.* Of course, not every tort committed by a fellow passenger is a Warsaw Convention accident. Where

or disembarking, if not allowed under the Convention, is not available at all." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 119 S.Ct. 662, 668, 142 L.Ed.2d 576 (1999).

the airline personnel play no causal role in the commission of the tort, courts have found no Warsaw accident. *See, e.g., Potter v. Delta Air Lines*, 98 F.3d 881, 883–84 (5th Cir.1996) (finding no "accident" where injury in passenger dispute over seat position took place without involvement of airline personnel), *abrogated on other grounds by El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999); *Stone v. Continental Airlines*, 905 F.Supp. 823, 827 (D.Haw. 1995) (finding no "accident" where one passenger punched second passenger). On the flip side, courts have found Warsaw accidents where airline personnel play a causal role in a passenger-on-passenger tort. *See, e.g., Schneider v. Swiss Air Transp. Co.*, 686 F.Supp. 15, 17 (D.Me.1988)("accident" when plaintiff injured by fellow passenger's refusal to put seat upright because plaintiff was denied assistance by flight attendant).

■ Langadinos's claim survives under these standards. He has alleged that (1) Debord appeared intoxicated, aggressive and erratic, (2) American was aware of this behavior and (3) despite this awareness, American continued to serve him alcohol. Serving alcohol to an intoxicated passenger may, in some instances, create a foreseeable risk that the passenger will cause injury to others. Indeed, the Supreme Court cited a case of this type as an example of the flexible operation of the accident requirement. *See Saks* 470 U.S. at 405,

105 S.Ct. 1338 (citing *Oliver v. Scandinavian Airline Sys.*, 17 CCH Av. Cas. 18,283 (Md.1983) (Warsaw accident liability where airline served alcohol to drunken passenger, who then fell and injured fellow passenger)).

■ Of course, Langadinos cannot prevail simply by proving that American served Debord excessive alcohol. He will also have to establish that he suffered a compensable injury[3] and that American's service of alcohol to the assailant was a proximate cause of his injury. *See Saks*, 470 U.S. at 406, 105 S.Ct. 1338 ("Any injury is the product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger."). Recognizing that we can affirm the dismissal of the complaint only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), we are not able to say, at this stage in the proceedings, whether American bears causal responsibility for the alleged assault. Moreover, the Warsaw accident determination should be "flexibly applied *after* assessment of *all the circumstances* surrounding a passenger's injuries." *Saks*, 470 U.S. at 405, 105 S.Ct. 1338 (emphasis added). In this case, discovery will be required before such an assessment can be made.[4]

---

3. American claims that Langadinos has alleged only "emotional injuries," which, standing alone, are not recoverable under Article 17 of the Warsaw Convention. *See Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 552, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991) ("We conclude that an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury.") Langadinos, however, has plainly alleged "excruciating pain" in the groin area following the assault. Although it is unclear whether he can claim damages for concurrent emotional injuries, *see id.* ("[W]e express no view as to whether passengers can recover for mental injuries that are accompanied by phys-

ical injuries."), we need not explore this issue as Langadinos's allegation of a physical injury takes him beyond a motion to dismiss.

4. American also argues that the complaint should be dismissed inasmuch as it alleges "willful" misconduct on the part of American. This objection is misplaced. The distinction between mere Warsaw accidents and "willful" misconduct goes only to damages: if the plaintiff can prove willful misconduct, the $75,000 damage limit applicable to accidents taking place during this time period does not apply. *See* Warsaw Convention, Art. 25. Given that the complaint states facts sufficient to allege a Warsaw accident, Langadinos is entitled to seek damages above the cap by

## B. Defects in the Pleading

■ American argues that even if serving excessive alcohol to a passenger can create a Warsaw accident, Langadinos pled this allegation with such generality that we should not credit it in reviewing the decision to dismiss his complaint. The allegation of over-serving is crucial, American contends, because Langadinos is unable to state a Warsaw Convention "accident" claim without it.

We agree with American that Langadinos's complaint could not survive without a properly pled allegation of over-serving. Other than the service of alcohol to Debord, Langadinos has not alleged *any* action by American that even arguably led to his sexual assault. Langadinos's claim that American flight attendants were rude to him and that they "spoon-fed" ice cream to Debord does not affix American with causal responsibility for an assault. Likewise, Langadinos's claim that the American crew treated him poorly after the incident does not demonstrate that they played any role in its cause. Without the allegation of over-serving, therefore, American could not bear any causal responsibility for Langadinos's injuries and there would be no Warsaw Convention accident.

We disagree with American, however, that the charge of over-serving was pled defectively. Langadinos alleged the following in paragraph 17 of the amended complaint:

On information and belief, just prior to the aforesaid Mr. Debord's above-described assault and battery upon Mr. Langadinos [American] served intoxicating liquors/ intoxicants to said Mr. Debord and- not withstanding his aggressive and erratic behavior and his evident state of diminished cognitive and physical capacity- continued to serve Mr. Debord intoxicants, thereby foreseeably generating otherwise unnecessary risk of harm to all other passengers of Flight No. 146.... Upon information and belief, [American] continued to serve Mr. Debord alcohol, knowing that he was intoxicated....

American asks us to disregard this allegation because it relies on words and phrases like "erratic," "aggressive," and "diminished cognitive and physical capacity," which American argues are conclusory. In particular, American says that Langadinos failed to describe precisely the conduct of Debord that was "erratic" or "aggressive" or that demonstrated his "diminished capacity."

■ American demands from Langadinos more detail in his complaint than the Federal Rules of Civil Procedure require. The pleading rules

do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.[5]

*Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While defendants may prefer highly detailed factual

---

attempting to prove that the accident was caused by American's willful misconduct.

5. Indeed, a perusal of these forms nicely illustrates just how little factual detail is required. For example, Form 9, the model form for negligence pleadings reads, in whole, as follows:

  1.  Allegation of jurisdiction.

  2.  On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.

  3.  As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Wherefore plaintiff demands judgment against defendant in the sum of ＿＿ dollars and costs.

allegations, a generalized statement of facts is adequate so long as it gives the defendant sufficient notice to file a responsive pleading. *See id.; see also Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992).[6]

We have demanded greater factual detail in a complaint in a few specific categories of cases. For example, we have followed Rule 9(b)'s requirement that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Powers v. Boston Cooper Corp.,* 926 F.2d 109, 111 (1st Cir.1991). Recognizing that charges of discriminatory intent are difficult to disprove and can greatly harm a defendant's reputation, we have required civil rights plaintiffs to "outline facts sufficient to convey specific instances of unlawful discrimination." *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).[7] We have also demanded greater factual specificity for allegations of RICO violations, *see Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991), and allegations of standing, *see United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992). Apart from these "specialized areas not implicated here, it is enough for a plaintiff

to sketch an actionable claim by means of 'a generalized statement of facts from which the defendant will be able to frame a responsive pleading.'" *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992) (footnote omitted) (quoting 5A C. Wright & A. Miller, Federal Practice & Procedure § 1357 (1990)). Langadinos has met this standard, putting American on notice that it is accused of serving alcohol to an aggressive, erratic, and incapacitated passenger, even though it knew he was intoxicated.

■ American repeatedly reminds us that Langadinos only alleged the over-serving of alcohol in his amended complaint on the basis of information and belief. A plaintiff may rely, however, on an amended complaint, *see, e.g., Chongris v. Board of Appeals,* 811 F.2d 36, 38 (1st Cir.1987), and, as American concedes, a plaintiff can make allegations *either* on the basis of personal knowledge or on "information and belief."[8] Langadinos's attorney is entitled to include such "information and belief" allegations in the complaint as long as he had a good faith basis for doing so, based on the reasonable inquiry that Fed.R.Civ.P. 11(b) requires.[9]

6. If the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." Fed. R.Civ.P. 12(e). Perhaps tellingly, American made no such motion here.

7. Applying this standard, we have affirmed the dismissal of civil rights complaints that rest wholly on conclusory allegations of discriminatory motive. *See Dewey v. University of New Hampshire,* 694 F.2d 1, 4 (1st Cir. 1982); *see Rogan v. Menino,* 175 F.3d 75, 77–78 (1st Cir.1999) (dismissal of complaint founded on conclusory allegation of § 1983 supervisory liability); *Correa–Martinez,* 903 F.2d at 57 (conclusory charge that employee was fired because of "personal and political differences").

8. *See Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1372 (10th Cir.1979); *Carroll v. Morrison Hotel Corp.,* 149 F.2d 404, 406 (7th Cir.1945); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1224 (1990)

(Under Fed.R.Civ.P. 11, "the attorney's signature indicates that he has prepared the pleading on the basis of 'knowledge, information and belief'. This seems to be an implicit recognition of pleading on the basis of information and belief....."). The only exception is in cases where the tougher pleading standards of Fed.R.Civ.P. 9(b) replace the more liberal requirements of Fed.R.Civ.P. 8. *See, e.g., New England Data Services, Inc. v. Becher,* 829 F.2d 286, 288 (1st Cir.1987).

9. Fed.R.Civ.P. 11(b) states, in pertinent part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances,—

. . .

. . .

(3) the allegations and other factual contentions have evidentiary support or, if specifi-

### III.

For the reasons stated above, we conclude that Langadinos has stated a valid claim under the Warsaw Convention. We therefore **VACATE** the district court order dismissing the claim and **REMAND** for further proceedings consistent with this opinion.

cally so identified, are likely to have evidentiary support after a reasonable opportunity

for further investigation or discovery. . . .