Dean DOE and Linda Doe, individually and on behalf of their son, John Doe, Plaintiffs,

v.

BOSTON PUBLIC SCHOOLS, Defendant.

Civil Action No. 07–11869–NMG.

United States District Court, D. Massachusetts.

April 1, 2008.

James F. Kavanaugh, Jr., Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Julia K. Landau, Beth E. Simon, Massachusetts Advocates for Children, Jill M. Murray, City of Boston, Law Department, Boston, MA, for Plaintiffs.

**MEMORANDUM & ORDER**

GORTON, District Judge.

On October 4, 2007, plaintiffs Dean and Linda Doe ("the Does") individually and on behalf of their son John Doe ("John"), filed a complaint seeking attorneys' fees against the defendant, Boston Public Schools ("Boston") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B).[1] In lieu of an answer, Boston has filed a motion to dismiss.

## I. *Background*

John is a four-year-old boy with autism. He received early intervention services through the Massachusetts Department of Public Health until his third birthday on November 16, 2005, when he became eligible for special education services. John's parents attended an individualized education program ("IEP") Team meeting on November 30, 2005. At the meeting, the IEP Team failed to determine Jonh's placement and Boston then failed to provide John with any special education program or services for three months. On February 16, 2006, Boston decided to place John at its Kenny School where he began at the end of February.

John did not receive extended school year ("ESY") services during the 2006 summer. During the 2006–2007 school year, John was again placed in the program at the Kenny School. On May 16, 2007, John was accepted to the Mermark School, a private special education school for students with autism.

On April 19, 2007 the Does filed a hearing request with the Bureau of Special Education Appeals ("BSEA") asserting eight violations of state and federal special education law. The Does filed a motion

1. The plaintiffs have filed this case using pseudonyms to which the defendant has not objected.

for partial summary decision on three of their claims on June 1, 2007. One month later, the hearing officer granted the motion as to two of the claims and denied it without prejudice as to the third. The hearing officer ruled that Boston's failure to provide John with any special educational services for three months violated the free and appropriate public education ("FAPE") standards of the IDEA and Massachusetts special education law. As relief for the violation, the hearing officer ordered Boston to place John in a private program for three months during the summer 2007, pay for that placement and provide transportation to and from the placement. The hearing officer also concluded that Boston violated the IDEA and Massachusetts Special Education Regulations by excluding John's parents and the IEP Team from participating in Boston's decision to place John at the Kenny school. The Does were not awarded any relief for that procedural violation. Because there were facts in dispute, the hearing officer denied without prejudice partial summary decision with respect to the Does' third claim alleging that Boston violated federal and state law for failing to provide John with ESY services in 2006.

On August 29, 2007, the Does and Boston entered into a confidential settlement agreement and the Does withdrew their six claims pending before the BSEA. On October 14, 2007, the Does filed the complaint in this case requesting attorneys' fees. In lieu of an answer, on October 25, 2007, Boston filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) which the Does oppose.

## II. *Defendant's Motion to Dismiss (Docket No. 3)*

### A. Legal Standard for a Motion to Dismiss

In order to survive a motion to dismiss for failure to state a claim under Fed.

R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

### B. Analysis

In its motion to dismiss, Boston makes two arguments in the alternative. First, it contends that the Does are not prevailing parties within the purview of the IDEA. Second, Boston asserts that even if the Does are prevailing parties, they should not recover any amount of attorneys' fees because they obtained minimal success in the context of the entire BSEA proceeding.

#### 1. Prevailing Party Status

##### a. Legal Standard

 The Does assert that they are entitled to attorneys' fees under the IDEA which allows the court, in its discretion, to award reasonable attorneys' fees to the prevailing party. 20 U.S.C. § 1415(i)(3)(B). In order for a party to be considered prevailing and thus entitled to attorneys' fees, the case must have resulted in a material change in the legal rela-

tionship of the parties and that change must be the result of a "judicial imprimatur". *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604–05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A party "prevails" when he achieves actual relief on the merits of his claim that modifies the other party's behavior in a way that directly benefits him. *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A purely technical or de minimis victory cannot confer prevailing party status. *Me. Sch. Admin. Distr. v. Mr. and Mrs. R.*, 321 F.3d 9, 15 (1st Cir.2003). The party seeking the attorneys' fees "bears the burden of establishing entitlement to an award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

### b. Application

 Boston responds that the Does fail to meet the materiality threshold when comparing the relief obtained to the relief sought because their success was *de minimis* in the context of the entire BSEA proceeding. A party may be considered to have prevailed, however, even if she did not obtain "a favorable final judgment on all (or even the most crucial) of her claims." *Mr. and Mrs. R.*, 321 F.3d at 15. In fact,

> the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all.

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (emphasis in original).

The key inquiry in this case is, therefore, how the parties fared with respect to the discreet claims that the hearing officer decided. *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 294 (1st Cir.

2001). Of the three claims presented to the hearing officer on summary judgment, two were resolved in favor of the Does and the third was unresolved. Although the hearing officer did not award the Does relief for the procedural violation, she did award tuition for three months at a private placement as well as transportation to and from that placement for Boston's failure to provide FAPE for three months. That award settled a significant issue in favor of the Does. The Does may, therefore, be considered prevailing parties.

Boston relies heavily on *New Hampshire v. Adams*, 159 F.3d 680 (1st Cir.1998) to argue that the Does' success at the BSEA proceeding was *de minimis* and does not warrant prevailing party status. In *Adams* the central dispute related to whether the State's penal and security interests trumped the plaintiff's interest in receiving FAPE. *Id.* at 684. Boston suggests that the First Circuit Court of Appeals held that the plaintiff failed to meet the materiality requirement because he did not prevail on a claim that yielded significant relief but the Court did not, in fact, analyze the materiality requirement at all in that case. The First Circuit merely reiterated the holding of the District Court with respect to materiality without evaluating it because it found the issue of causation to be dispositive. *Id.* Moreover, the First Circuit emphasized in its opinion that the State had prevailed completely in the district court which vacated the hearing officer's order favoring the plaintiff. *Id.* The Supreme Court has made clear that a party's degree of success relative to what it originally sought in the lawsuit should be considered when determining the reasonableness of the amount of an award but not when determining whether a party prevailed. *Garland*, 489 U.S. at 790, 109 S.Ct. 1486; *See also Farrar*, 506 U.S. at 113–14, 113 S.Ct. 566. Consequently, Boston's argument that the Does have failed

to demonstrate materiality is without merit.

### 2. The Degree of Success

 Boston also contends that, even if the Does are prevailing parties, they are not entitled to attorneys' fees because their success was minimal. It argues that the Does were awarded only three months of compensatory education services whereas they sought 19 months, approval for independent evaluations, Applied Behavioral Analysis ("ABA") services and a one-to-one aide.

As the Does point out, the two cases on which Boston relies involve the award of nominal damages rather than compensatory damages. *See Farrar*, 506 U.S. at 106–07, 113 S.Ct. 566; *Boston's Children First v. Boston*, 395 F.3d 10 (1st Cir.2005). In *Farrar*, the plaintiffs received nominal damages instead of the $17 million in compensatory damages they had sought. The Court held that:

> When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all.

*Id.* at 114–15, 113 S.Ct. 566 (internal citations omitted). In this case, however, the hearing officer determined that Boston had violated federal and state education law and had denied John his FAPE, causing him harm that could be compensated through a private summer placement. Unlike the plaintiff in *Farrar*, the Does proved every element of their claim and were awarded compensatory damages.

In *Boston's Children First*, the other case relied upon by Boston, two of the ten defendants were awarded nominal damages. The District Court denied attorneys' fees and the First Circuit affirmed, noting that the nominal damages award was based on a concession by the defendant and that the court did not even rule on the underlying constitutional issue. *Id.*

at 17–18. In contrast to that case, here the hearing officer presiding over the Does' appeal specifically ruled that Boston had violated state and federal law and that the violation harmed John. The compensatory damages awarded represent more than a nominal award, thereby giving rise to a reasonable claim for attorneys' fees.

### ORDER

In accordance with the foregoing, Defendant's Motion to Dismiss (Docket No. 3) is **DENIED**.

**So ordered.**