**Caroline BILODEAU–ALLEN and Christopher Allen, Plaintiffs,**

**v.**

**AMERICAN MEDIA, INC., the National Enquirer, Inc., Alan Butterfield, and Richard Moriartyn, Defendants.**

**Civil Action No. 07–12195–JLT.**

United States District Court, D. Massachusetts.

April 28, 2008.

David H. Rich, Todd & Weld, Boston, MA, for Plaintiffs.

Robert A. Bertsche, William A. Worth, Prince, Lobel, Glovsky & Tye LLP, Boston, MA, for Defendants.

## ORDER

TAURO, District Judge.

Plaintiffs bring this defamation action against the National Enquirer, Inc., its publisher and two of its reporters. Presently at issue is Defendants' *Motion to Dismiss Counts Four and Five of Plaintiffs' Complaint* [# 12]. For the following reasons, Defendants' *Motion* is ALLOWED IN PART and DENIED IN PART as follows.

## Discussion

### A. Legal Standard

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court takes all well-pleaded facts stated in the complaint as true, and draws all reasonable inferences in favor of the plaintiff.[1] The court, however, will not credit "unsupported conclusions or interpretations of law."[2] Moreover, a plaintiff's well-pleaded facts must "possess enough heft to 'sho[w] that [the plaintiff] is entitled to relief.' "[3]

### B. Count Five—False Light

The Restatement (Second) of Torts defines the tort of false light as follows:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.[4]

Plaintiffs concede,[5] however, that Massachusetts has not recognized the tort of false light.[6]

Like other federal courts, this court declines to be the first to recognize this

---

1. *Clark v. Boscher*, 514 F.3d 107, 111 (1st Cir.2008); *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000).

2. *Clark*, 514 F.3d at 111 (internal quotations and citations omitted).

3. *Id. (quoting Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)).

4. Restatement (Second) of Torts § 652E (spacing modified).

5. *See* Pls.' Opp. to Defs.' Mot. to Dismiss Counts Four and Five at 11 ("The Defendants state that Massachusetts courts have refused to recognize the tort of false light invasion of privacy. More accurately, Massachusetts has not yet joined the majority of jurisdiction in the country in adopting it.").

6. The case law is clear. *See ELM Med. Lab. v. RKO Gen.*, 403 Mass. 779, 532 N.E.2d 675, 681 (1989) ("The only invasion of privacy the plaintiffs assert is 'putting plaintiff[s] in a false light.' This court has not recognized that tort and does not choose to do so now."); *Ayash v. Dana–Farber Cancer Inst.*, 443 Mass. 367, 822 N.E.2d 667, 682 n. 16 (2005) ("We have not adopted an interpretation of G.L. c. 214, § 1B, that would give rise to claim of false light invasion of privacy claim.") (*citing, inter alia, ELM*). *See also Dasey v. Anderson*, 304 F.3d 148, 153 (1st Cir.2002) ("Massachusetts does not recognize a cause of action for false light invasion of privacy."); *Albright v. Morton*, 321 F.Supp.2d 130, 140 (D.Mass. 2004) (Gertner, J.) ("The tort of false light is not recognized in Massachusetts.").

cause of action.[7] Accordingly, Plaintiffs cannot prevail on this count as a matter of law, and Defendant's *Motion to Dismiss Count Five* is ALLOWED.[8]

### C. Count Four—Invasion of Privacy / Public Disclosure of Private Facts

Defendants' *Motion to Dismiss Count Four* is DENIED WITHOUT PREJUDICE to re-raising relevant issues in a motion for summary judgment filed at the appropriate time.

IT IS SO ORDERED.

---

7. *See, e.g., Amrak Prods. v. Morton*, 410 F.3d 69, 73 (1st Cir.2005) ("We likewise reject appellants' urging that the false light invasion of privacy claim should be recognized in Massachusetts, particularly given the state court's repeated refusal to do so."). *See also Brown v. Hearst Corp.*, 862 F.Supp. 622, 631 (D.Mass.1994) (Tauro, J.) (discussing the false light tort and stating, "This court should not be the first to recognize a state cause of action, especially where there are alternative theories available.") (*citing Dayton v. Peck, Stow and Wilcox Co.*, 739 F.2d 690, 694 (1st Cir.1984) ("We must apply the law of the forum as we infer it presently, not as it might come to be.")).

8. This court, however, dismisses the false light count without prejudice with leave to refile in the state courts.