**Inar RAGNAR, Plaintiff,**

v.

**Mary MORRISSEY, Ed Shannon, Department of Transitional Assistance, Julia E. Kehor, Brian Mullholand and Koren Anderson, Defendants.**

**Civil Action No. 08–12131–NMG.**

United States District Court,
D. Massachusetts.

March 23, 2009.

Neil P. Olson, Office of the Attorney General, Boston, MA, for Defendants.

---

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, Inar Ragnar ("Ragnar"), who represents himself, brings this case against the Massachusetts Department of Transitional Assistance ("the DTA") and several of its employees for alleged violation of his procedural due process rights. He asserts that his welfare benefits have been reduced by over 70% and that he has not been afforded a pre-termination hearing as required by law. The plaintiff has moved for a preliminary injunction and the defendants have moved to dismiss.

## I. *Background*

### A. Factual Background

For purposes of the defendants' motion to dismiss, this Court presumes the facts alleged in Ragnar's complaint to be true. This summary includes some facts supplied by the defendants solely to provide context to Ragnar's claims.

Sometime prior to July, 2008, Ragnar was notified that his state welfare benefits were being reduced. Ragnar asserts that in that month, a hearing was held by the DTA to address his "Motion for a Continuance." Although the defendants dispute the assertion, Ragnar maintains that the hearing was not a pre-termination evidentiary hearing to which he is entitled by law. At the hearing, presided over by a hearing officer, defendant Mary Morrissey ("Morrissey"), Ragnar's motion for a continuance was allegedly granted and it was ordered that 1) DTA provide him with copies of all files pertaining to his case, 2) Ragnar provide certain files to DTA and 3) a date for a pre-termination hearing be set at which both Ragnar and DTA would be permitted to present testimony and cross examine witnesses.

Ragnar asserts that, following the hearing, he did not receive any files from DTA nor notice of the date of the pre-termination hearing. Nevertheless, he did receive a letter in October, 2008, informing him that a pre-termination hearing had taken place and that his benefits would be terminated. Ragnar subsequently received an "Appeal Decision" on November 5, 2008, which confirmed that his benefits would be terminated.

Upon receipt of those documents Ragnar made several calls to employees at the DTA, including defendants Morrissey and Ed Shannon, but was unable to receive a satisfactory explanation. He subsequently brought suit in federal court asserting that the actions of the defendants deprive him of due process under *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). He seeks damages in excess of $3 million.

### B. Procedural History

Ragnar filed his complaint on December 23, 2008, and contemporaneously moved for an *ex parte* temporary restraining order and for a preliminary injunction. His motion for a temporary restraining order was denied that same day and a hearing on the motion for a preliminary injunction was held on December 30, 2008. At the conclusion of that hearing, after oral argument, this Court took the motion for a preliminary injunction under advisement. It also permitted the defendants to file a written opposition to that motion, with supporting affidavits, on or before January 9, 2009, and the plaintiff to submit a response on or before January 19, 2009. On that same day, plaintiff filed a notice of appeal from the Court's denials of his motion for a temporary restraining order and his motion for a preliminary injunction, notwithstanding the fact that the motion preliminary injunction remained under advisement.

On January 9, 2009, the defendants filed 1) an opposition to plaintiff's motion for a preliminary injunction and 2) a motion to dismiss. On January 28, 2009, the plaintiff filed a motion for enlargement of time to oppose the motion to dismiss. Notwithstanding the tardiness of the motion, it was recently allowed but no opposition has since been filed.

## II. *Motion to Dismiss*

The defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim and Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. They assert that this Court lacks subject matter jurisdiction over Ragnar's claims against the DTA and employees sued in their official capacity because the Eleventh Amendment prohibits claims for money damages against those defendants.

Because this Court concludes that Ragnar's complaint fails to state a claim upon which relief can be granted, it must be dismissed and the Court declines to consider whether some of Ragnar's claims are also barred by the Eleventh Amendment. Furthermore, because Ragnar's complaint fails as a matter of law, his motion for a preliminary injunction will be denied.

### A. Legal Standard

In order to survive a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nol-*

*let v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd*, 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet*, 83 F.Supp.2d at 208.

### B. Analysis

As an initial matter, this Court agrees with the defendants that the complaint cannot reasonably be read to assert any claim other than a 42 U.S.C. § 1983 claim for a violation of procedural due process. Although Ragnar also cites to other Sections of Title 42, none provides a basis for relief under the facts Ragnar sets forth in his complaint. *See* 42 U.S.C. § 1981 (barring discrimination on the basis of race); *id.* § 1985 (barring discrimination on the basis of membership in a particular class); *id.* § 1988 (describing procedure for seeking remedies for civil rights violations but not creating a cause of action). Nor does Ragnar's purported reliance on the Fourth, Fifth and Sixth Amendments to the United States Constitution reveal any cognizable claim. Nor can the complaint be read to state a substantive due process claim, despite plaintiff's assertion to the contrary. The facts set forth in the complaint, along with Ragnar's reliance on *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), make plain that he seeks to bring a § 1983 claim for violation of procedural due process rights guaranteed by the Fourteenth Amendment.

▇ Correctly viewed as such, Ragnar's procedural due process claim fails because of the so-called *Parratt–Hudson* doctrine.

*See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The First Circuit Court of Appeals has addressed that doctrine as follows:

> *Parratt–Hudson* shields a public entity from a federal due process claim where the denial of process was caused by the random and unauthorized conduct of government officials and where the state has provided adequate postdeprivation remedies to correct the officials' random and unauthorized acts.

*Hadfield v. McDonough,* 407 F.3d 11, 19–20 (1st Cir.2005) (citation omitted); *see also Lowe v. Scott,* 959 F.2d 323, 340 (1st Cir.1992) (doctrine also bars suits "against the state officials whose random and unauthorized conduct occasioned the deprivation"). A government official engages in random and unauthorized conduct when "he or she misapplies state law to deny an individual the process due under a correct application of state law." *Hadfield,* 407 F.3d at 20.

▮ Here, Ragnar asserts that his procedural due process rights were violated because he was denied a pre-termination hearing or at least the right to confront adverse witnesses and subpoena witnesses to appear on his behalf. Taking those allegations as true, as this Court does on a motion to dismiss, they fall squarely within the definition of random and unauthorized conduct. Massachusetts law unambiguously protects the rights Ragnar claims he was denied. *See* M.G.L. c. 18, § 16 (right to an evidentiary hearing); 106 C.M.R. § 343.340 (right to review case file); *id.* § 343.360 (right to subpoena witnesses). Thus, although the complaint asserts that the conduct of DTA officials did not con-

form with law, "no structural flaw in established procedures [is] described." *Shaughnessy v. City of Laconia,* No. 98–1644, 1999 WL 525935, at *1 (1st Cir. Mar. 12, 1999) (unpublished) (upholding dismissal despite allegation that hearing board was biased).

Having determined that plaintiffs claims arise out of random and unauthorized conduct, this Court turns to the adequacy of post-deprivation remedies. Under Massachusetts law, any person aggrieved by an administrative decision is entitled to bring an action in Superior Court within 30 days of that decision. M.G.L. c. 30A, § 14. The Superior Court is empowered to set aside or modify the decision if it is deemed to be a "violation of constitutional provisions" or "[m]ade upon unlawful procedure." *See id.* § 14(7). Ragnar does not allege that such post-deprivation procedures are inadequate, nor (apparently) did he pursue those remedies before bringing this action pursuant to § 1983. Consequently, his complaint fails to state an actionable procedural due process claim. *See Herwins v. City of Revere,* 163 F.3d 15, 20 (1st Cir.1998) ("The idea that [plaintiff] could ignore this state provided procedural remedy, and then create a federal case and collect ... damages for a denial of procedural due process, just makes no sense."). *Shaughnessy,* 1999 WL 525935, at *1 ("complaint did not allege that there were no adequate state procedures available to remedy the procedural defect" and thus failed to state a procedural due process claim).

### III. *Motion for Preliminary Injunction*

Because this Court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted, his motion for a preliminary injunction will also be denied.

## ORDER

In accordance with the foregoing, plaintiff's motion for a preliminary injunction (Docket No. 2) is **DENIED** and defendants' motion to dismiss (Docket No. 8) is **ALLOWED**.

**So ordered.**