**Yong LI, Plaintiff,**

v.

**Dr. Julia M. READE, Defendant.**

**Civil Action No. 08–11405–NMG.**

United States District Court,
D. Massachusetts.

April 17, 2009.

Jeffrey W. Colman, Claudia A. Hunter, Hunter & Bobit, P.C., Boston, MA, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

The *pro se* plaintiff in this case brings claims against a psychiatrist, to whom she was referred and ordered to see by her employer, for violations of 42 U.S.C. § 1981 and M.G.L. c. 93A and for defamation. The defendant has moved to dismiss.

### I. *Background*

Plaintiff, Yong Li ("Li"), is a former software engineer for Raytheon Company ("Raytheon") and of Chinese descent. The

defendant, Dr. Julia M. Reade ("Dr. Reade"), is a forensic psychiatrist at Massachusetts General Hospital. Li alleges that in October, 2004, after she had made complaints to her employer about treatment by fellow employees, she was ordered by Raytheon to see Dr. Reade.

According to Li, Dr. Reade concluded that she suffered from mental illness and was not fit to work. Li takes issue, however, with many aspects of Dr. Reade's report which she maintains are false or incomplete and motivated by a discriminatory bias. She alleges, for example, that Dr. Reade attributed Li's mental condition to her cultural background. Dr. Reade's report was apparently relied upon by a Department of Industrial Accidents ("DIA") judge who dismissed Li's Worker's Compensation claim.

Li asserts that Dr. Reade's actions constitute 1) discrimination on the basis of race and national origin in violation of 42 U.S.C. § 1981, 2) a violation the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") and 3) defamation. She seeks recovery for lost Worker's Compensation benefits, emotional distress and punitive damages. Dr. Reade has moved to dismiss on the grounds that 1) Li's complaint fails to establish a contractual relationship (a necessary element of a § 1981 claim) and 2) § 1981 does not apply to discrimination on the basis of national origin. She also requests that the Court dismiss Li's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Li filed her complaint on August 14, 2008, alleging discrimination in violation of § 1981 and defamation. Shortly thereafter she amended the complaint to add a claim under Chapter 93A. The defendant moved to dismiss on November 17, 2008, and Li opposed that motion. This Court heard argument on the motion to dismiss at a scheduling conference held on April 9, 2009.

## II. *Motion to Dismiss*

### A. **Legal Standard**

In order to survive a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

### B. **Application**

#### 1. **Contractual Relationship**

██ Dr. Reade moves to dismiss plaintiff's § 1981 claim on the ground that Li has failed to establish that any contractual relationship existed between the parties. Section 1981 bars racial discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981. The term "make and enforce" contracts is defined to include

the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

According to the First Circuit Court of Appeals, a plaintiff must "show a sufficient nexus between the asserted discrimination and some contractual right or relationship." *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir.2002).

Here, the defendant asserts that Li failed to identify any contractual right or relationship with respect to Dr. Reade in her complaint. Her allegations establish only that Dr. Reade was a psychiatrist to whom she was referred and that Dr. Reade's report (which was allegedly false and motivated by bias) caused Li's Worker's Compensation claim to be dismissed.

Li responds that a contractual relationship existed because she signed a consent form agreeing 1) to be examined and 2) to allow Dr. Reade to prepare a report and submit it to Raytheon. According to Li, therefore, she and Dr. Reade entered into a contract and Dr. Reade's *performance* under that contract was influenced by a racial animus.

Although Li's opposition to the motion to dismiss identifies an arguably sufficient contractual relationship, the determinative question on such a motion is whether her complaint can be read to allege such a relationship. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006) ("Any claim brought under § 1981 ... must initially identify an impaired contractual relationship under which the plaintiff has rights" (internal quotation marks and citation omitted)). In scouring the complaint for such an allegation, this Court draws all reasonable inferences in plaintiff's favor and construes her pleading liberally in light of her *pro se* status. *See Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 15 (1st Cir.1990). Upon such examination, this Court concludes that a sufficient contractual relationship can be inferred from the allegations in Li's complaint, and thus her § 1981 claim will not be dismissed.

Li's complaint implies, and the defendant has conceded, that a contractual relationship existed between Raytheon and Dr. Reade. Although Li was not a party to that contract she had rights under it as a third-party intended beneficiary. *See Domino's Pizza*, 546 U.S. at 476 n. 3, 126 S.Ct. 1246 ("we do not mean to exclude the possibility that a third-party intended beneficiary of a contract may have rights under § 1981" (citation omitted)). If Dr. Reade discriminated on the basis of race in her performance of that contract, as has been alleged, Li may be entitled to relief pursuant to § 1981.

This Court therefore concludes that, under a liberal reading of the complaint, it can be construed to allege the requisite contractual relationship and plaintiff's § 1981 claim will not be dismissed on that ground.

### 2. Racial Discrimination

■ Dr. Reade also moves to dismiss on the ground that Li has alleged discrimination on the basis of national origin, not race, and thus has failed to state a claim under § 1981. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 33–34 (1st Cir.2009) (confirming that § 1981 requires racial discrimination). Although Li's complaint states explicitly that she suffered from "race and national origin discrimination," Dr. Reade maintains that Li's self-identification as Chinese demonstrates that the allegations relate only to national origin.

This Court disagrees. As Justice Brennan once observed:

the line between discrimination based on ancestry or ethnic characteristics and discrimination based on place or nation of origin is not a bright one.

*Saint Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 614, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) (Brennan J., concurring) (internal quotation marks, citation and altera-

tions omitted). Indeed race and national origin are often identical, for example when an individual hails from a nation whose populace is composed primarily of a particular race. *See Sinai v. New England Tel. & Tel. Co.,* 3 F.3d 471, 474 (1st Cir.1993) (holding that disparagement of Israeli background could qualify as racial discrimination (citation omitted)).

Here, Li's reliance on her Chinese ancestry does not negate the claim that the alleged discrimination against her was racially motivated and thus leaves it within the purview of § 1981.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 7) is **DENIED.**

**So ordered.**