STICHTING PENSIOENFONDS
OPG, Plaintiff,

v.

STATE STREET BANK AND TRUST
COMPANY, Defendant.

Civil Action No. 09–10313–NMG.

United States District Court,
D. Massachusetts.

Nov. 10, 2009.

Christopher J. Cunio, Howard P. Goldberg, Harry L. Manion, III, Cooley, Manion, & Jones, LLP, Boston, MA, for Plaintiffs.

Michael R. Dube, Andrea J. Robinson, Jeffrey B. Rudman, Wilmer Hale LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Stichting Pensioenfonds OPG ("OPG") brought suit against defendant State Street Bank & Trust Company ("SSBT") for breach of contract, breach of fiduciary duties and fraud. Before the Court is SSBT's motion to dismiss, based upon a forum selection clause, for failure to state a claim.

### I. *Background*

The dispute arises out of two related agreements signed in June, 2003 to implement an investment strategy for OPG. According to the complaint, implementing the strategy required a "trust structure" under which OPG was first to transfer its assets to SSBT under an Agreement of Trust ("AOT"). Then, State Street Global Advisors ("SSGA"), the investment management division of SSBT, was to manage the investments pursuant to a separate Investment Management Agreement ("IMA"). Although the AOT is technically between SSBT and OPG, SSGA negotiated the agreement.

OPG subsequently transferred $90 million to SSBT in 2003. In early 2007, SSBT allegedly recommended to OPG a new investment option, the Global Alpha Edge Common Trust Fund ("Alpha Edge Fund"), and described it as similar to prior, conservative investments. OPG claims that the new investment was improper because 1) it impermissibly delegated SSBT's duties under the AOT to Lehman Brothers International Europe ("LBIE") without OPG's knowledge and 2) SSBT knew or should have known that the funds were at risk under LBIE's control and did not disclose that risk to OPG. The funds have apparently been frozen due to LBIE's subsequent bankruptcy in September, 2008.

OPG seeks damages and the return of its $90 million investment.

OPG filed its complaint on March 3, 2009 alleging claims against SSBT in connection with the AOT. Simultaneously, it has filed suit in the Netherlands against SSGA pursuant to the IMA. On April 23, 2009, SSBT filed a motion to dismiss this action. OPG opposed that motion on May 6, 2009 and both sides subsequently filed additional memoranda. The Court heard oral argument on the pending motion at a scheduling conference on Friday, November 6, 2009.

## II. *Analysis*

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass. 2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). A motion to dismiss may be allowed as a matter of law, however, if contract language is clear and unambiguous. *Nicolaci v. Anapol,* 387 F.3d 21, 26–27 (1st Cir. 2004).

### B. Application

SSBT moves to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In particular, it contends that a forum selection clause contained in the IMA requires that this case be brought in the Netherlands. The argument is as follows. First, the IMA states that the parties

> agree that the competent courts in Amsterdam are to have exclusive jurisdiction to settle any disputes or claims which may arise pursuant to *or in connection with* this Agreement.

(emphasis added). The AOT, signed by SSBT and under which this case is brought, invokes identical language, stating that it was entered into "in connection with" the IMA. Furthermore, this case concerns assets that were invested pursuant to the IMA and both agreements were entered into for the same investment strategy and frequently cross-reference one another. Accordingly, SSBT argues that a suit under the AOT is also a "dispute ... in connection with" the IMA and must be brought in Amsterdam.

OPG responds that the forum selection clause does not apply to these claims. It asserts that by its plain language, the IMA applies only to the Netherlands action which is

> against a different defendant under a different agreement applying different substantive law, alleging different claims and seeking different damages.

Had the parties intended this case and the AOT to be covered, OPG adds, they easily could have written it into the IMA or the AOT. OPG maintains that the phrase "in connection with" in the AOT only signifies that it was entered into concurrently with the IMA. Finally, OPG asserts that it cannot receive complete relief in Amsterdam.

The Court will allow the motion to dismiss. As SSBT contends, by its terms, the AOT was entered into "in connection with" the IMA and the forum selection clause in the IMA applies to all disputes "in connection with" the agreement. Contracts exe-

cuted at the same time and intertwined by the same subject matter, as were these agreements, "should be construed together". *Steinke v. Sungard Fin. Sys., Inc.,* 121 F.3d 763, 771 n. 5 (1st Cir.1997). The links between the AOT and the IMA and between SSGA and SSBT are such that the two agreements and the two entities, while technically separate, are best treated as integrated agreements and entities. Separate agreements were necessary to effectuate a particular investment strategy but SSGA is a division of SSBT and is both the signatory of the IMA and the negotiator of the AOT signed by SSBT.

OPG's response falls short. Its contention that it cannot receive full and complete relief in Amsterdam because the civil law of the Netherlands does not afford such relief is incorrect. As counsel for SSBT points out, under the terms of the subject agreement, plaintiff's claims will still be decided pursuant to Massachusetts law notwithstanding the forum court. Moreover, although OPG may be correct that it is counter-intuitive to conclude that, despite the requirement of the AOT that the trust is governed by Massachusetts law, any case brought under its terms must nonetheless be tried in Amsterdam, such is the bargain upon which the parties agreed.

Finally, the Court notes that OPG is a Dutch entity and the forum selection clause, presumably for the benefit of OPG, requires litigation in the Netherlands. Allowing OPG now to circumvent the clause by bringing two actions based upon the same underlying transaction and occurrence instead of one suit in its home country would not only be a paradox but would also result in an unjustified outcome. Accordingly, the motion to dismiss will be allowed.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 13) is **ALLOWED.**

**So ordered.**