**David SCONDRAS, Plaintiff,**

**v.**

**CITY OF LAWRENCE, Ryan Shaffer, Eric Cerullo, John Fornesi, Michael Fornesi and Sergeant Pappalardo, Defendants.**

**Civil Action No. 09–11657–NMG.**

United States District Court, D. Massachusetts.

June 14, 2010.

Viktor A. Theiss, Korman & Associates, LLC, Boston, MA, for Plaintiff.

James M. Bowers, Richard J. D'Agostino, Office of the City Attorney, Lawrence, MA, Matthew E. Dwyer, Ryan P. Dunn, Dwyer and Duddy, P.C., Boston, MA, Scott F. Gleason, Gleason Law Offices, P.C., Haverhill, MA, Mark A. Hickernell, McDonald, Lamond & Canzoneri, Southborough, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Davis Scondras ("Scondras") brings suit against defendants the City of Lawrence ("the City"), Ryan Shaffer ("Shaffer"), Eric Cerullo ("Cerullo"), John Fornesi ("John"), Michael Fornesi ("Michael") and Sergeant Pappalardo ("Pappalardo") pursuant to the federal civil rights statute, 42 U.S.C. § 1983, for violations of the Fourteenth Amendment, U.S. Const., amend. XIV. Scondras also asserts claims

1) pursuant to the federal civil rights statute, 42 U.S.C. § 1983, for violations of the Fourth Amendment, U.S. Const., amend. IV against all defendants except Cerullo, 2) assault and battery against Shaffer, John and Michael and 3) so-called *Monell* liability against the City. Before the Court is a motion to dismiss one count by Michael.

## I. *Factual Background*

This dispute arises out of Scondras's arrest on October 9, 2006. The following allegations are taken from his first amended complaint. In the early morning hours, plaintiff was logged into an online chat room for gay males. He exchanged sexually explicit messages with another user, later identified to be Michael Fornesi, who was a security guard at the Lawrence General Hospital. Michael informed Shaffer, a City police officer, about the conversation. Shaffer directed Michael to continue the chat and to misrepresent that he was only 15 years old. Scondras and Michael then spoke over the phone and agreed to meet in a parking lot near the hospital where Michael was finishing his shift.

When Scondras arrived, Michael directed him into a dark corner of the parking lot. Shaffer and Michael emerged, shined flashlights in his face and pointed a gun at him. Scondras alleges that he was unable to see a badge or uniform, that no one identified himself as a police officer but that someone yelled "We'll teach you to come to Lawrence". Fearing a "gay bashing", Scondras turned to run. He did not get far and was thrown down, struck in the head and body and verbally assaulted. By that time, John had arrived on the scene and participated in the beating and kicking of Scondras. Sergeant Pappalardo was the patrol supervisor that night who subsequently arrived at the scene.

Scondras states that he received multiple bruises and contusions as well as a large laceration on his scalp that "bled profusely". He was arrested, transported to the police station and, once there, booked by Cerullo. He contends that his head injury continued to bleed profusely at the station. At one point, plaintiff allegedly asked Cerullo for medical treatment and was told that if he received medical treatment, he could not make bail and if he made bail, he could seek such treatment on his own. Plaintiff posted bail, was released and immediately proceeded to a local hospital where he received two staples to close his head wound. In addition, plaintiff claims that as a result of a blow to the head, a cyst-like lump on his brain began to seep fluid. That fluid eventually put pressure on his brain and caused various cognitive troubles, requiring surgery to repair the damage.

Plaintiff's complaint is twofold: 1) that he was violently assaulted despite posing no physical threat or offering any physical resistance and 2) that he was never offered, nor did he receive, any medical treatment for his "significant visible injuries".

## II. *Procedural History*

Plaintiff filed his complaint on October 2, 2009. In December, 2009, the City and John filed an answer and Cerullo, Michael and Pappalardo filed motions to dismiss. Without requesting extensions of time, plaintiff opposed those motions on February 3, 2010 and Shaffer filed his answer about two weeks later. The Court heard oral argument on the pending motions at a scheduling conference on April 23, 2010.

Based in part on the Court's questioning at oral argument, the parties agreed to new dates: Scondras was directed to file an amended complaint within one week and defendants to respond within 14 days

thereafter. Scondras complied and filed his amended complaint on April 30, 2010. Michael filed a motion to dismiss Count II two weeks later which Scondras opposed on June 3, 2010 (again, without requesting an extension of time). Pappalardo filed an answer on May 17, 2010, Cerullo, John and Shaffer did so on June 4, 2010 and the City answered four days later (all without leave of court).[1] Thus, Cerullo and Pappalardo have evidently opted not to re-file motions to dismiss.

## III. *Analysis*

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd*, 248 F.3d 1127 (1st Cir.2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet*, 83 F.Supp.2d at 208.

### B. Inadequate Medical Care

■ To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that

1) the defendant was acting under the color of state law and 2) the defendant's conduct worked a denial of federal constitutional (or statutory) rights. *Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir.1995) (citation omitted). With respect to the first factor, under the color of state law means that

> a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or . . . the conduct is such that the actor could not have behaved in that way but for the authority of his office.

*Id.* at 986. "[N]ot every action undertaken by a person who happens to be a police officer is attributable to the state." *Id.* The analysis requires a multi-factored consideration of the circumstances and

> [w]hile certain factors will clearly be relevant—for example, a police officer's garb, an officer's duty status, the officer's use of a service revolver, and the location of the incident—these factors must not be assessed mechanically.

*Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir.1999). Furthermore, constitutional prohibitions may be applied to a private citizen where he acts as an instrument or agent of the government. *E.g., United States v. Pervaz*, 118 F.3d 1, 6 (1st Cir.1997).

With respect to the second factor, the constitutional claim at issue in Count II is a failure to provide adequate medical care to a pretrial detainee in violation of the Fourteenth Amendment. The First Circuit has laid out the appropriate legal standard for such a claim in *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990).

---

**1.** The parties' non-compliance with deadlines imposed by court order and/or federal and local rules has not gone unnoticed and another repetition of the same will result in a default or the imposition of sanctions.

## C. Application

Copying his original motion to dismiss almost verbatim, Michael argues that Count II against him should be dismissed because 1) Scondras fails to allege that he was acting under the color of state law and 2) he had nothing to do with Scondras or his treatment once in police custody. With respect to the first argument, Michael contends that 1) Shaffer was not involved in any state action and thus Michael could not possibly have been engaged in state action for acting at his behest and 2) the allegation that Michael acted in concert with Shaffer lacks the requisite specificity.

Scondras replies only to Michael's first argument. He contends that Shaffer was clearly engaged in state action and that Shaffer controlled Michael's conduct. To be sure, allegations that Shaffer was off-duty and not in uniform and that no one initially identified him as a police officer cut against such a finding. Nonetheless, Shaffer used a gun, arrested Scondras and summoned fellow officers for assistance. Ultimately, it is difficult to conceive of conduct that could be better described as action that could not have been taken "but for the authority of ... office," *Martinez*, 54 F.3d at 986, than luring and arresting someone to be prosecuted.

 Plaintiff's response is compelling but not with respect to Count II. Certainly, plaintiff has properly alleged that Shaffer acted under the color of state law and that Michael acted at Shaffer's direction in tempting Scondras to come to Lawrence and then in participating in the arrest and alleged violence. Such conduct is, however, the subject of Count I which alleges the use of excessive force in violation of the Fourth Amendment. Plaintiff's amended complaint makes no specific allegations that once he was arrested, Michael 1) continued to act under Shaffer's direction, 2) played any role in Scondras's care (or lack thereof) or 3) had any obligation to do so. The allegations against Michael are limited to his alleged participation in plaintiff's arrest and the associated violence. Moreover, it is clear that Scondras's primary complaint against Michael is for his role in the alleged abuse and that charge is captured elsewhere. Despite having heard the Court's concern at oral argument, Scondras does not address this deficiency in his amended complaint or in his opposition and Michael's motion will, therefore, be allowed.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss Count II (Docket No. 37) is **ALLOWED**.

**So ordered.**